IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SAMUEL CRISH,

    Petitioner,

v.                                                 Case No. 2:24-cv-02863-MSN-atc

FCI-MEMPHIS WARDEN HARRISON,

    Respondent.

**ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME AND MOTION TO DISMISS, DISMISSING § 2241 PETITION WITHOUT PREJUDICE, DENYING PETITIONER'S MOTIONS FOR EXPEDITED BRIEFING AND JUDGMENT AS MOOT, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN FOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are: (1) the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, "§ 2241 Petition") of Petitioner Samuel Crish, Federal Bureau of Prisons ("BOP") register # 65708060, an inmate who at the time he commenced this action was confined at the Federal Correctional Institution Memphis Satellite Prison Camp ("FCI-Memphis SPC") in Millington, Tennessee (ECF No. 2 at PageID 2; ECF No. 2-2 at PageID 12)[1]; (2) Crish's motions for expedited rulings and judgment (ECF Nos. 7, 9 & 10, "Petitioner's Pending Motions"); and (3) Respondent's (a) motion for extension of time to respond to the § 2241 Petition (ECF No. 15, "Extension Motion") and (b) motion to dismiss the § 2241 Petition (ECF No. 18, "MTD"). On December 11,

---

[1] Crish is presently confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"). *See* https://www.bop.gov/inmateloc/ (BOP inmate locator website) (register number 65708-060) (last accessed Jan. 12, 2026).

2024, Crish paid the filing fee. (ECF No. 5.)

For the reasons that follow: (1) the Extension Motion (ECF No. 15) and the MTD (ECF No. 18) are **GRANTED**; (2) the § 2241 Petition (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**; and (3) the Petitioner's Pending Motions (ECF Nos. 7, 9 & 10) are **DENIED AS MOOT**.

## FACTUAL BACKGROUND

Crish was indicted in June 2018 on two counts of extortion under color of official right, in violation of 18 U.S.C. § 1951 (Counts 1 and 5), three counts of soliciting a bribe in violation of 18 U.S.C. § 666(a)(1)(B) (Counts 2–4), and one count of making a false statement, in violation of 18 U.S.C. § 1001 (Count 6). *See United States v. Crish*, No. 3:18-cr-304, 2025 WL 3003925, at *1 (N.D. Ohio Oct. 27, 2025). In March 2019, Crish pled guilty pursuant to a plea agreement to Counts 1, 3, 4, 5, and 6. *Id*. These charges arose out of actions Crish took while he was the elected Sheriff of Allen County, Ohio. *Id*. The United States District Court for the Northern District of Ohio sentenced Crish to: 136 months each on Counts 1 and 5; 120 months each on Counts 3 and 4; and 60 months on Count 6, all to run concurrently. *Id*. Crish is currently serving an aggregate 136-month term of imprisonment followed by a supervised release term of three years. (ECF No. 18-1 at PageID 98, ¶ 6.) Assuming Crish receives all projected good-conduct time, his release date is July 13, 2028, which includes 365 days of earned time credits ("ETCs") under the First Step Act ("FSA").[2] (*Id*.)

---

[2] If the BOP transfers an inmate to his term of supervised release earlier than his original release date pursuant to ETCs under 18 U.S.C. § 3632, the early transfer cannot exceed 12 months or 365 days. *See* 18 U.S.C. § 3624(g)(3); *Roberts v. Cox*, No. 20-4187, 2022 WL 742489, at *2 (D.S.D. March 11, 2022) (finding that "the BOP cannot grant an inmate more than twelve months of supervised release as a sentence reduction for earned time credits under the First Step Act"). The BOP Program Statement 5410.01, *First Step Act of 2018 - Time Credits: Procedures for*

2

After reviewing Crish's offenses and conviction, the BOP determined that Crish was eligible to earn ETCs as of November 18, 2019. (ECF No. 18-1 at PageID 98, ¶ 8.) During his term of incarceration, Crish participated in Evidence Based Recidivism Reducing ("EBRR") programs for a total of 2,071 days as of August 8, 2025, which earned him a total of 1,005 days of ETCs. (*Id*.) The full-term expiration date of Crish's sentences is March 16, 2031. (*Id*.) With Crish's 611 days of good-conduct time (both earned and projected), his projected statutory release date is July 13, 2029. (*Id*.) Finally, with 365 days of ETCs — the maximum allowed — Crish's FSA projected release date is July 13, 2028. (*Id*.)

On December 15, 2024, the BOP unit team conducted a review and considered Petitioner for placement in a halfway house or residential reentry center ("RRC"). (ECF No. 18-1 at PageID 98-99, ¶ 10; ECF No. 18-1 at PageID 110.) The BOP review considered the five factors set forth in 18 U.S.C. § 3621(b), and the team determined Crish would be recommended for placement in the community on May 28, 2025. (*Id*.) Following the review, the BOP unit team's recommendation was sent to the Warden of the FCI-Memphis, and, on January 29, 2025, the Warden approved the recommendation and sent the same to the Resident Reentry Manager. (*Id*.) Crish is currently projected to transfer to the Voago Residential Reentry Center, 1323 Champlain Street, Toledo, Ohio, on May 29, 2026, as this is when a bed would become available. (*Id*.)

On February 4, 2025, the United States Court of Appeals for the Sixth Circuit denied Crish's motion under 18 U.S.C. § 3582(c)(2) for sentence reduction. *See United States v. Crish*, No. 24-3241, 2025 WL 884091, at *1 (6th Cir. Feb. 4, 2025). On October 27, 2025, Crish's motion

---

*Implementation of 18 U.S.C. § 3632(d)(4)*, also explains that up to 365 days of time credit toward early release will be applied to eligible inmates if they meet the enumerated criteria. *See* https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last accessed Jan. 13, 2026). Because 365 days is the maximum allotted time credits toward early release, additional ETCs will be applied toward prerelease custody or other incentives. *Id*.

3

for compassionate release under 18 U.S.C. § 3582(c) was denied. *See Crish*, 2025 WL 3003925, at *4.

Crish submitted three BOP administrative remedy requests or appeals during his BOP incarceration: two of the requests addressed his motion for compassionate release, and one of the requests involved requesting medical records. (ECF No. 18-1 at PageID 100, ¶ 13.) Crish alleges in the § 2241 Petition that he began the administrative remedy process related to the § 2241 Petition by submitting a BP-8 and BP-9. (ECF No. 2 at PageID 3.) The BOP has no record of these submissions. (ECF No. 18-1 at PageID 100, ¶ 13.) None of Crish's administrative remedy submissions addressed his FSA time credits or placement in the community under the Second Chance Act ("SCA"). (*Id.*)

## PROCEDURAL HISTORY

Crish filed the § 2241 Petition with this Court on November 7, 2024. (ECF No. 2.) Crish challenges the BOP's application of FSA ETCs to his sentence and seeks an order directing the BOP to place him in prerelease custody under the FSA. (ECF No. 2 at PageID 5.) Crish argues that the BOP miscalculated his ETCs and failed to place him on prerelease community confinement as required by the FSA and the SCA. (*Id.* at PageID 2–5.)

On May 8, 2025, Crish filed a Motion for Expedited Briefing. (ECF No. 7.) On June 11, 2025, Crish filed a Motion For Expedited Judgment. (ECF No. 9.) On June 30 2025, Crish filed a Second Motion For Expedited Judgment. (ECF No. 10.)

On July 29 2025, the Court (1) directed the Clerk to serve the § 2241 Petition and (2) directed Respondent Warden Harrison to (a) respond to the § 2241 Petition and (b) address Petitioner's Pending Motions. (ECF No. 14.) On August 14, 2025, Respondent filed the Extension Motion. (ECF No. 15.) For good cause shown, Respondent's motion for an extension of time to

4

respond to the § 2241 Petition (ECF No. 15) is **GRANTED**.

On September 9, 2025, Respondent filed the MTD under Federal Rules of Civil Procedure 12(b)(1) and (b)(6).[3] (ECF No. 18 at PageID 78–79.) Respondent's motion is supported by (1) the Declaration of Robin Eads, a BOP paralegal with access to official records for BOP inmates (ECF No. 18-1 at PageID 97–101), along with (2) Crish's FSA Time Credit Assessment as of August 8, 2025 (ECF No. 18-1 at PageID 106–09), (3) Crish's Institutional Referral for Community Corrections Center ("CCC") Placement (ECF No. 18-1 at PageID 110–11), and (4) Crish's Administrative Remedy History (ECF No. 18-1 at PageID 112–14), all of which are attached to the MTD. Respondent argues the Court should dismiss the § 2241 Petition based on Crish's failure to exhaust his administrative remedies with the BOP. (ECF No. 18 at PageID 80–83.) Respondent also argues that the § 2241 Petition should be denied on the merits because: (1) the BOP has properly calculated Crish's FSA ETCs (*id*. at PageID 91–94); (2) Crish has been referred to prerelease custody (*id*. at PageID 94–95); and (3) the BOP decision regarding the placement of an inmate in community custody is discretionary and not subject to judicial review. (*Id*. at PageID 83–91.) In the alternative, Respondent seeks summary judgment under Federal Rule of Civil Procedure 56 because Crish does not have a protected liberty interest in prerelease custody. (*Id*. at PageID 80, 95–96.)

Crish has not filed opposition to the MTD, and the time for doing so has expired. (*See* ECF No. 14 at PageID 66.)

---

[3] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well- pleaded allegations as true and construes the record in the light most favorable to the non-moving party. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

Although § 2241 does not contain an express statutory exhaustion requirement, federal inmates must generally exhaust all administrative remedies available before filing a § 2241 petition. *See Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) ("It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their

6

administrative remedies before habeas relief may be granted"). The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels.[4] *See* 28 C.F.R. § 542.10, *et seq*. "Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit." *Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) (quoting *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002)).

A prisoner's failure to exhaust available administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). Nonetheless, "[t]he Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011) (citation omitted). A prisoner cannot "simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

Respondent argues that Crish's § 2241 Petition should be dismissed for failure to exhaust his administrative remedies. (ECF No. 18 at PageID 80–83.) In her Declaration, Eads asserts that Crish filed three administrative remedy requests while in BOP custody, addressing Crish's request for a compassionate release and his medical records request. (ECF No. 18-1 at PageID 100, ¶ 13.)

---

[4] Under the BOP's tiered process, an inmate must first attempt to resolve his matter of concern informally with prison staff. 28 C.F.R. § 542.13(a). If informal resolution is not possible, the inmate may file a formal written Administrative Remedy Request with the facility's warden within twenty days of the incident forming the basis of the request. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the warden's response, he may appeal to the regional director within twenty days of the date the warden signed the response. 28 C.F.R. § 542.15(a). If the prisoner is not satisfied with the regional director's response, he may submit an appeal to the BOP's general counsel within thirty days of the regional director's signed response. *Id*. This appeal is the final level of administrative review. *Id*.

Eads declares that, although Crish claims he started the BOP administrative remedy process as it relates to the § 2241 Petition by submitting a BP-8 and BP9 (*see* ECF No. 2 at PageID 3), the BOP has no record of these submissions. (ECF No. 18-1 at PageID 100, ¶ 13; *id.* at PageID 112–14.) Eads attests that none of Crish's administrative remedy submissions addressed Crish's FSA time credits or placement in CCC under the SCA. (ECF No. 18-1 at PageID 100, ¶ 13.) That is, none of Crish's three BOP administrative remedy requests addressed the (1) FSA ETCs or (2) CCC placement issues presented in his § 2241 Petition.

Crish acknowledges his failure to exhaust his administrative remedies. (ECF No. 2 at PageID 2, ¶ 10.) Crish argues that he should be excused from the exhaustion requirement because he "remains in prison unlawfully" and he should not be required to pursue "a futile administrative remedies process." (*Id*. at PageID 3, ¶ 14.) That approach is inconsistent with the three-tiered BOP Administrative Remedy Program, however. Crish cannot "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *See Cargill v. Healy*, No. 23-1755, 2024 WL 1683600, at *2 (N.D. Ohio Mar. 1, 2024) (quoting *Hartsfield*, 199 F.3d at 309). Crish alleges no facts demonstrating that it would be futile for him to exhaust his administrative remedies. (*See* ECF No. 2 at PageID 2–5.) The end result is that Crish has failed to exhaust his administrative remedies with respect to the claims raised in the instant § 2241 Petition, and he has not shown that exhaustion would be futile. *See Fazzini*, 473 F.3d at 236.

Crish cites to several decisions that are inapplicable to his case. (ECF No. 2 at PageID 2–3.) First, he cites *Ross v. Blake*, 578 U.S. 632, 636 (2016) (citation omitted), which stands for the proposition that "[a] prisoner need not exhaust remedies if they are not available." Here, though, Crish failed to participate in the administrative remedies process that *was* available to him. (*See*

8

ECF No. 18-1 at PageID 100, ¶ 13.)  Thus, his case is distinguishable from *Ross*.

Crish also cites *Woodford v. Ngo*, 548 U.S. 81, 102 (2006).  But in that case, the Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion and rejected a prisoner's argument that "requiring proper exhaustion [would] lead prison administrators to devise procedural requirements that are designed to trap unwary prisoners and thus to defeat their claims."  Thus, *Woodford* supports Respondent's position.

Crish also cites *Putnam v. Winn*, 441 F. Supp. 2d 253, 254 (D. Mass. 2006), in which the petitioner challenged a BOP rule categorically precluding his assignment to a CCC except for the lesser of ten percent of the sentence being served or six months.  The court in *Putnam* held that, because the subject BOP rule related to the execution of petitioner's sentence, there was jurisdiction for petitioner to challenge that rule via a § 2241 petition.  *Id*. at 256.  Crish challenges no such BOP rule, or similar provision, in the instant case.  Crish's citation to *Putnam*'s jurisdictional principle is therefore inapposite.

Crish also cites *United States v. Basciano*, 369 F. Supp. 2d 344, 346–47 (E.D.N.Y. 2005), where petitioner challenged his detention in a restrictive special housing unit.  Unlike Crish, the petitioner in *Basciano* initiated the administrative review process and also pursued an informal resolution of his request.  *Id*. at 348.  Thus, Crish's case is factually distinguishable from *Basciano* at the outset.  In addition, the court in *Basciano* ruled that "the government has waived its non-exhaustion defense . . . [by] fail[ing] to present its non-exhaustion defense in its written submission or at oral argument."  *Id*. at 349.  Neither party has raised the issue of waiver in Crish's case, and the present record does not suggest waiver of the non-exhaustion defense in Crish's case.  Furthermore, the court in *Basciano* concluded that "it is clear that [petitioner] has not exhausted his administrative appeals [because] [he] would be entitled to two further rounds on appeals within

9

the BOP." *Id*. at 348-49.  Like *Woodford*, then, *Basciano* supports the Respondent's position.

Finally, Crish's citation to *Hrycuna v. Ormond*, No. 2:18-cv-246, 2019 WL 1304250, at *4 (E.D. Va. Feb. 19, 2019) is peculiar.  Petitioner in *Hrycuna* filed a § 2241 petition challenging his administrative discipline for violation of institutional rules that resulted in the loss of forty-one (41) days of good conduct time.  *Id*. at *1.  Petitioner sought reinstatement of the good conduct time and expungement of the underlying incident report from his institutional record.  *Id*.  Respondent filed a motion to dismiss for failure to exhaust administrative remedies.  *Id.*  The magistrate judge agreed with the respondent's argument and recommended that the motion to dismiss be granted:

> Accepting that § 2241's exhaustion requirement demands compliance with agency procedures to whatever extent possible, Hrycuna has not done so.  At no level has his complaint been reviewed on its merits.  Although he attempted to file an appeal at every available level, each one was rejected on strictly procedural grounds.  The last two, filed *after* Hrycuna received a copy of the DHO report, were both rejected as untimely.  But the Central Office Administrative Remedy Coordinator, in response to Hrycuna's final appeal at that level, instructed him to resubmit his appeal at the level of the initial rejection with a staff memo stating that his late filing was not his fault.  Despite this, Hrycuna has not sought to resubmit his appeal with the requested staff memo.  Here, each of Hrycuna's appeals was rejected because of specific procedural deficiencies.  In each instance, Hrycuna had the opportunity to resubmit his appeal with corrections or an explanation for the deficiency.  He never attempted to do so but instead filed suit in federal court seeking habeas relief.  Excusing the exhaustion requirement in this case would render the BOP disciplinary process a dead letter and invite future disregard of its requirements.

*Id*. at *4–*5 (citations omitted).  The district court adopted the magistrate judge's report and recommendation.  *Hrycuna v. Ormond*, No. 2:18-cv-246, 2019 WL 1302592, at *1 (E.D. Va. Mar. 21, 2019).  Unlike the petitioner in *Hrycuna*, Crish never initiated the administrative review process, let alone attempt appeal of an adverse decision.  In any event, the *Hrycuna* court's discussion of the administrative remedy exhaustion requirement for federal prisoners, 2019 WL 1304250, at *3-4 undercuts Crish's position.

10

Crish cites no authority from the Sixth Circuit to support his argument that exhaustion is not required in his case. Other district courts in the Sixth Circuit have summarily dismissed § 2241 petitions challenging the denial of FSA credits where the prisoner failed to exhaust administrative remedies. *See*, *e.g.*, *Peete v. United States*, No. 2:23-CV-10137, 2023 WL 2472623, at *2 (E.D. Mich. Feb. 13, 2023); *Dyer v. Fulgam*, No. 1:21-CV-104, 2021 WL 3673825, at *2 (E.D. Tenn. Aug. 18, 2021). Crish did not comply with the BOP's administrative remedy process prior to filing this case in federal court, and therefore his § 2241 Petition must be **DISMISSED**.[5] *See Little*, 638 F.2d at 953–54.

## CONCLUSION

Because Crish failed to exhaust his administrative remedies, Respondent's MTD (ECF No. 18) is **GRANTED**. Petitioner's Pending Motions (ECF Nos. 7, 9 & 10) are **DENIED AS MOOT**. The § 2241 Petition (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered for Respondent.

## APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

---

[5] Because Crish's failure to exhaust his administrative remedies is dispositive, the Court declines to address the Respondent's alternative arguments that the § 2241 Petition should be denied on the merits because (a) the BOP properly calculated Crish's ETCs (ECF No. 18 at PageID 91–94), (b) the BOP's CCC placement decisions are discretionary and not subject to judicial review (*id*. at PageID 83–91), and (c) Crish lacks a due process protected liberty interest in prerelease custody (*id*. at PageID 80, 95-96).

11

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because Crish has failed to exhaust his administrative remedies, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Crish leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 9th day of February, 2026.

                                               *s/ Mark S. Norris*
                                               MARK S. NORRIS
                                               UNITED STATES DISTRICT JUDGE